**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| JOSUE ALBERTO RAMOS-GARCIA,<br><br>                                    Petitioner,<br><br>      v.<br><br>JEREMY CASEY, *et al.*,<br><br>                                    Respondents. | Case No. 26-cv-03957-BAS-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Josue Alberto Ramos-Garcia filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after having been previously released by immigration authorities and complying with all the conditions of his release. (ECF No. 1.) The Government responded to the Petition, conceding that a bond hearing is appropriate. (ECF No. 4.) Petitioner filed a Traverse arguing that release under the original conditions of release—not a bond hearing—is the appropriate remedy. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions on which he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ

26cv3957

is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     STATEMENT OF FACTS

Petitioner, a citizen of Honduras, entered the United States in November 2011 as an unaccompanied minor. (Pet. ¶ 2.) Immigration authorities detained Petitioner "shortly after his entry into the United States." (*Id.* ¶ 25.) Petitioner was transferred to the custody of the Office of Refugee Resettlement, and on January 4, 2012, he was released from custody to a sponsor in the United States. (*Id.* ¶ 4, Ex. 1.)

The Department of Homeland Security ("DHS") commenced removal proceedings against Petitioner. (Pet. ¶ 4, Ex. 2.) However, in June 2014, an Immigration Judge granted a joint motion to administratively close Petitioner's removal proceedings. (*Id.*, Ex. 3.)

For the next 12 years, Petitioner complied with all the conditions of his release "and lived without any allegation that he posed a danger to the community." (Pet. ¶¶ 29–30.) On June 28, 2026, Petitioner voluntarily appeared for a scheduled check-in appointment, where he was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 31.) The Government "provided no prior notice, no individualized explanation, and identified no changed circumstances justifying Petitioner's re-detention." (*Id.*) Petitioner seeks immediate release on the same conditions as his previous release.

## III.    ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees);

26cv3957

*Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because the Government released Petitioner upon finding he was not a flight risk or a danger to the community in January 2012, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Josue Alberto Ramos-Garcia (A#205-194-412) be released on the same terms and conditions on which he was previously released in January 2012.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 20, 2026**

Hon. Cynthia Bashant, Chief Judge
United States District Court

- 3 -

26cv3957